## KELLY v. KELLY et al. (No. 8901.)

(Court of Civil Appeals of Texas. Dallas. Jan. 5, 1924.)

1. **Landlord and tenant ⬅133(2)—Court not empowered to establish lien for damages sustained by lessee of a party on dispossession by receiver.**

Where wife brought action to set aside property settlement but discontinued the action and conveyed the land in controversy to the husband, the court was not authorized, in such action, to establish a lien in favor of husband's lessee for damages sustained by the lessee on dispossession by receiver appointed in the action, in the absence of evidence that lessee was given a lien thereon by the husband.

2. **Attorney and client ⬅176—Court not empowered to establish a lien in favor of plaintiff's attorneys under agreement with plaintiff giving them interest in property for services, in absence of conveyance thereof.**

Where a wife brought an action to set aside a settlement, and discontinued the action and conveyed the property in controversy to the husband, the court was not empowered to establish a lien on the land in favor of the wife's attorneys under wife's contract to give the attorneys a portion of her interest in the property for their services, in the absence of showing of conveyance to the attorneys of such interest.

3. **Receivers ⬅130—Court held not authorized to empower receiver to dispose of property to satisfy general creditors.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2128, subd. 1, providing for the appointment of a receiver in certain actions involving real estate in danger of being lost, removed, or materially injured, the court is not authorized to empower receiver appointed to dispose of the property for the purpose of satisfying claims of general creditors; such power being provided for in other statutes applicable to other cases.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Alline Hudel Kelly against Robert B. Kelly and others, in which H. G. Bentley and others intervened. From a judgment rendered the named defendant appeals. Reversed and rendered.

Baskett & De Lee, of Dallas, for appellant.

VAUGHAN, J. On the 14th day of August, 1919, Alline Hudel Kelly, one of the appellees

in this cause, as plaintiff, filed in the court below her petition to have the bonds of matrimony then existing between herself and appellant Robt. B. Kelly dissolved and to have the rights of the parties to said suit determined as to certain property described in said petition, including the real estate involved in this appeal; said suit being No. 31754–B, and styled Alline Hudel Kelly v. Robt. B. Kelly.

On October 5, 1920, final decree was rendered in said cause No. 31754–B dissolving the bonds of matrimony between said parties, and all the property described in said petition, including the real estate, was adjudged to be the community property of said parties, each the owner of and entitled to an undivided one-half interest therein, located in the city of Dallas, Dallas county, Tex., to wit:

"Beginning at the east line of Wendelken street, 50 feet south of the intersection of Wendelken street and Lenway street, formerly known as Pleasant View street; thence in a southerly direction with the east line of Wendelken street, 50 feet from corner; thence in an easterly direction and parallel with Lenway street, 160 feet to an alley; thence in a northerly direction with the west line of said alley 50 feet to a corner; thence in a westerly direction parallel with Lenway street, 160 feet to the place of beginning, and being 30 feet off of the south side of lot No. 6 and 20 feet off of the north side of lot No. 7 as per map or plat of the W. C. Doering addition to the city of Dallas, Tex., and being part of block 1187 according to the official map of the city of Dallas, Tex."

That prior to the filing of petition in said cause No. 31754–B, to wit, on the 7th day of April, 1919, the parties plaintiff and defendant thereto had made and entered into an agreement in writing by which they sought to adjust and settle all questions concerning their property rights in view of the fact that they had separated, were then living separate and apart, and the said Alline Hudel Kelly had determined to bring suit against Robt. B. Kelly for divorce; said agreement being made for the purpose of adjusting all questions concerning property rights so as to avoid litigation with reference thereto; the said Alline Hudel Kelly to receive all her wearing apparel, personal effects, and one Singer sewing machine; her interest in the balance of the property, to wit, the real estate and improvements thereon above described, to be acquired by Robt. B. Kelly on the following terms: $200 to be paid in cash, one note for $250 payable to her on or before June 1, 1919. And that, for the purpose of carrying out said agreement in reference to said real estate, it was agreed that same should be conveyed by the Kellys to one Frank T. Johnson; said Johnson to pay

257 S.W.—63

said sum of $200 in cash and, in addition to executing the note for $250 above mentioned, to execute another note for the sum of $450 payable on or before one year after date to Robt. B. Kelly, and to assume the payment of one note for $1,500 payable to one Sidney T. Brin, due November 12, 1922, and secured by first lien on said property; said agreement containing the following provision:

"It is agreed by and between both parties that the property hereinabove mentioned is the entirety of the community estate of the said parties hereto, and that they both willingly entered into this agreement and feel that this is a fair and impartial division of the said property."

Said agreement was properly signed and acknowledged by both parties.

On the 5th day of November, 1919, the parties to the above agreement joined in a deed of that date by which they purported to convey to one Frank T. Johnson the real estate above described; said deed being recorded in book 800, p. 101, Records of Deeds of Dallas County, Tex., as per allegations contained in appellee's petition filed in the court below against appellant on the 1st day of December, 1920, the basis of the proceedings from which this appeal is prosecuted.

In said petition appellant Robt. B. Kelly and appellee Frank T. Johnson and J. H. Reynolds were parties defendant. Appellee Alline Hudel Kelly, as plaintiff therein, alleged that she and appellant Robt. B. Kelly were each the owner in fee simple of an undivided one-half interest in and to the above-described real estate and improvements located thereon, and—

"That the dwelling house located upon said premises is a duplex house, arranged for occupancy by two families, and that the said defendant Kelly occupies and resides in one side of said dwelling house and has rented the remainder of said dwelling house to parties unknown to plaintiff. * * * That plaintiff has been denied access to said premises and all dominion over the same. * * * That the said defendant Kelly has continued to exclusively occupy said premises in violation of plaintiff's rights for 18 months next preceding the filing of this petition."

And further alleged:

"That on, to wit, the 1st day of April, 1919, she was lawfully seized and possessed of the land and premises" above described, "and that on the day and year last aforesaid the defendants Frank T. Johnson and J. H. Reynolds unlawfully entered upon said premises and ejected plaintiff therefrom."

Plaintiff further, in effect, alleged that said Frank T. Johnson was setting up title in himself to the above-described property "under and by virtue of his certain pretended

deed of conveyance" executed by appellee Alline Hudel Kelly and appellant to appellee Frank T. Johnson on the 5th day of November, 1919, and that the appellee J. H. Reynolds is setting up some claim to said real estate "under and by virtue of a certain pretended deed of conveyance" executed on the 10th day of May, 1920, by said Frank T. Johnson to the said J. H. Reynolds conveying the above-described property.

It is further alleged that the deeds were wholly without consideration and were fraudulent and void, in that the execution of same was obtained by the said Frank T. Johnson and J. H. Reynolds through the fraudulent representations of their agent, Robt. G. Kelly.

In view of the subsequent acts and transactions as will hereinafter be revealed between appellant Robt. B. Kelly and appellee Alline Hudel Kelly, further reference to the allegations assailing the legality of said deeds we deem wholly unnecessary.

The object of said suit as revealed by the allegations contained in the petition filed in this cause was: (1) To have declared void and set aside the deed of conveyance executed by appellee Alline Hudel Kelly and appellant Robt. B. Kelly to Frank T. Johnson, and the deed of conveyance executed by Frank T. Johnson to J. H. Reynolds conveying, respectively, the real estate above described; and (2) to recover an undivided one-half interest in said real estate as against the said Robt. B. Kelly, Frank T. Johnson, and J. H. Reynolds; (3) the appointment of a receiver to take charge of, preserve, and collect the rents and revenues derived from said property, and to rent said property and collect and preserve the rentals and revenues therefrom during the pendency of said action.

On the 20th day of December, 1920, application as contained in said petition for the appointment of a receiver was heard and granted; order being entered thereon as follows:

"It is therefore ordered, adjudged, and decreed by the court that C. C. Renfro, of Dallas, Tex., be, and he is hereby, appointed as such receiver with the following powers, duties and authorities, to wit: To take charge of, keep possession of, and preserve, pending a final judgment herein, all that certain real property lying and being in the city of Dallas, Dallas county, Tex.: (Here follows description of property involved in this appeal.) Said property being the joint property of the plaintiff and the defendant R. B. Kelly, together with all buildings and improvements located and situated on said premises; * * * to take charge of, keep possession of, and preserve said land and premises; * * * to rent said premises to such person, or persons, as to said receiver may seem best for the preservation of said property, to collect and receive the rentals and revenues which may be derived therefrom, and,

upon collection and receipt of said rentals and revenues, to deposit the money so received in the registry of the court; and, further, to do and perform all things necessary and requisite to be done for the protection and preservation of said real and personal property; the renting thereof and the collection of the revenues therefrom and impounding of the same in the registry of the court pending a final judgment herein."

On the 23d day of July, 1921, the plaintiff and defendant in said cause now before us on appeal made and entered into an agreement whereby all matters in dispute between them in said suit were settled and adjusted; said agreement being as follows:

"The State of Texas, County of Dallas.

"Whereas, I, Alline Hudel Kelley, the plaintiff in a certain cause now pending in the district court of Dallas county, Texas, in the Forty-Fourth judicial district of Texas, being numbered on the docket of said court No. 31754—B, styled Alline Hudel Kelley v. Robert B. Kelley, having this day settled the matters involved in said suit, and do not desire to further prosecute said suit:

"Therefore, I agree and consent and request that said cause be in all things dismissed, the receiver therein appointed to be discharged, and said property released from said suit.

"[Signed] Alline Hudel Kelley, Plaintiff."

Which agreement was duly acknowledged by appellee Alline Hudel Kelly on the date of execution, and was duly filed in said cause in the court below on the 23d day of July, 1921.

On the 26th day of July, 1921, the following motion based on the above agreement was filed in said cause by the appellant to close the receivership and dismiss said cause by proper proceedings on the docket of the court below, to wit:

"Alline Hudel Kelley v. Robert B. Kelley. No. ——. In the District Court of Dallas County, Texas, Forty-Fourth Judicial District, —— Term, A. D. 1921. To the Honorable E. B. Muse, Judge of said Court: Comes now the defendant in the above styled and numbered cause, Robert B. Kelley, and shows to the court that heretofore, the plaintiff, Alline Hudel Kelley, has by her certain quitclaim deed quitclaimed and conveyed to the defendant Robert B. Kelley all her right, title and interest in and to the subject-matter of this suit, and has duly filed in this cause her motion in writing and under oath stating that she does not desire to further prosecute this cause and asking that this cause be dismissed and the receiver discharged, and has assigned her interest in the rents and revenues of same.

"Wherefore, premises considered, this defendant moves the court that the receiver be notified to file herein his report of said receivership and to pay the amounts collected by him into the registry of this court; that said receiver and said receivership be discharged; and that this cause be dismissed from the docket of this court."

From some cause not revealed by the record, the above motion was not acted upon until the 4th day of February, 1922. Notwithstanding the filing of said agreed settlements, the motion based thereon to terminate said litigation should have brought same to a speedy close, as there was nothing before the court as revealed by the entire proceedings to have prevented prompt action upon said motion, which should have resulted in a final disposition of said cause, as same disposed of all the issues then pending before the court between the parties interested in said litigation as alleged in appellee's petition, and terminated the controversy in reference thereto. So long as said agreement remained on file and its execution unchallenged, or the legal effect of same brought into question by some one having the right to institute proper proceedings before the court to destroy the legal effect of said agreement, no power rested with the trial court to proceed to hear and render judgment upon any of the issues thus settled between said parties further than was necessary in order to dispose of any other issue then remaining before the court involving the rights of other parties to the suit, and then only so far as necessary on account of the relation existing between such adjusted issues and undetermined issues necessary to dispose of the issues properly remaining before the court involving the rights of such other third parties. Were the rights of such other third parties before the court so as to require a further consideration of the issues thus adjusted between the original parties to this suit?

On the 26th day of September, 1922, appellee H. G. Bentley, as intervener, filed his petition in this cause claiming that he was interested in the subject-matter in controversy involved therein by reason of the fact that he had rented a portion of the premises involved in this suit for a period of one year from the ——— day of January, 1921, from appellant, under a written lease contract executed by and between said intervener and appellant; said premises to be used and occupied by said intervener for experimental purposes, and, as compensation for the possession of said premises said intervener agreed to instruct appellant in his (intervener's) secret art and science of growing potatoes on said premises; that intervener purchased and caused to be hauled and placed on said premises 75 loads of rich soil at an expense of $1 per load, and 2,000 feet of lumber of the value of $50; that on account of the proceedings instituted by appellee Alline Hudel Kelly against appellant and the appointment of a receiver, and the placing of said premises in the possession of said receiver, whereby said intervener was deprived of the possession of same, including the soil and lumber placed thereon by

him, he should be compensated out of appellant's interest in the property; and prayed that his claim for the sum of $125 be allowed and that the receiver be directed to pay to intervener said sum out of appellant's interest in said property.

On the 20th day of December, 1922, Alexander Pope and Solon Goode, as interveners, filed their plea of intervention in this cause, alleging that they were practicing attorneys at law, residing in the city of Dallas, Tex., and that during the month of August, 1919, appellee Alline Hudel Kelly employed said interveners to bring and prosecute an action at law against appellant, then the husband of appellee Kelly, for divorce and division of the community estate then existing between appellee Kelly and appellant; that appellee Kelly, in consideration of the services to be rendered her by said interveners as her attorneys in said proceedings to obtain divorce and division of community property, contracted to pay them a sum equal to one-half of the value of her interest in said community estate recovered in said proceedings, and a one-half interest in the total sum, or sums, of money or things of value which might be recovered by them as her attorneys for her in said action; that said suit was filed and prosecuted to judgment dissolving the bonds of matrimony then existing between appellee Kelly and appellant Kelly, and awarding to appellee Kelly and to appellant Kelly, each, as community property, an undivided one-half interest in the real estate involved in this suit, together with certain personal property and effects not necessary to be further noticed in the disposition of this appeal; that thereafter said interveners were further employed by said appellee Kelly to bring and prosecute to judgment another cause of action against appellant Kelly for certain rents and revenues alleged to have been unlawfully collected and appropriated by him out of said community estate, and against appellees Frank T. Johnson and J. H. Reynolds, for the cancellation of the deed executed by appellant and appellee Kelly to Frank T. Johnson and the deed executed by Frank T. Johnson to J. H. Reynolds, and for the appointment of a receiver to take charge of, manage, and preserve the assets of said community estate pending final disposition of said litigation; that said interveners filed said second suit, same being styled Alline Hudel Kelley v. Robt. B. Kelly et al., No. 34007–B on the docket of the court below, and in said action procured a judgment appointing one C. C. Renfro, of Dallas, Tex., receiver of the assets of said community estate, who promptly qualified as such and took possession of the community property; that the judgment in said cause canceled the deed executed to the said Frank T. Johnson by appellant and appellee Kelly, and the deed executed by Frank T. Johnson to J.

H. Reynolds; that appellee Kelly contracted and agreed with interveners to pay them for their services rendered in all of said litigation the sum of $750 out of her one-half interest recovered by them in said community property, and empowered them to collect and appropriate to their own use said sum so agreed upon out of said sum, or sums, of money or other things of value as they should recover for her out of said community estate. Said interveners further allege:

"But that her said attorneys are informed and believe that the said Alline Hudel Kelly, conniving and colluding with said Robt. B. Kelly to defraud her said attorneys of said agreed fee for their services herein, which they have richly earned through two years of difficult litigation, did execute and deliver to the said Robt. B. Kelly her quitclaim deed to all of the money, property, and things of value recovered for her by her said attorneys in said suits; that said quitclaim deed, if the same was in fact executed, is wholly void as to said attorneys, and their said liquidated attorneys' fee; and that this honorable court will not permit said fraudulent action of said parties to deprive said attorneys of their hard earned fee."

Said interveners prayed that their claim for attorneys' fee in the sum of $750 be allowed and approved "as a lawful charge upon said community estate or upon the interest of said Alline Hudel Kelly in said community estate, either or both, as to the court shall appear just and lawful, and that if it shall appear that there is not sufficient cash belonging to said estate now in the hands of said receiver, that said receiver be directed and authorized to sell such assets of said estate now in his possession necessary to satisfy said claim."

Following are the material facts established by the evidence:

The interest of appellee Bentley as intervener in the subject-matter involved in this suit rested upon the following facts: Bentley entered into a lease contract in October, November, or December, 1920, with appellant Kelly for possession of part of the house and lot involved in this litigation; the term of the lease not being disclosed. The property was rented for experimental purposes in raising potatoes. Without any agreement with appellant Kelly in reference thereto, appellee Bentley, of his own volition, had hauled and placed on the premises 60 loads of dirt at a cost of $75, and about 2,000 feet of lumber at a cost of $50, a total of $125. Said material was placed on said rented premises by Bentley for his own use and benefit in carrying on his experiment in raising potatoes on said premises. Bentley vacated said premises, surrendering his possession thereof to the receiver Renfro under orders of the court appointing said receiver, and he voluntarily left on said premises said dirt and lumber.

The rights of appellees Pope and Goode as interveners in the subject-matter of this litigation are revealed by the following facts as established by the evidence:

Said interveners were, prior to and at the time of the several transactions presented on this appeal, engaged in the practice of law in Dallas, Tex., and were employed by appellee Kelly to represent her: First, in the prosecution of a suit for the dissolution of the bonds of matrimony then existing between appellant and appellee Kelly and the establishment of her property rights in certain property, including the house and lot involved in this suit; appellee Kelly claiming said house and lot as her separate property. Said suit was prosecuted to judgment, divorce granted, and said property adjudged to be the community property of said appellant Kelly and appellee Kelly, each being entitled to an undivided one-half thereof. Second, in the prosecution of a suit against appellant Kelly to recover an undivided one-half interest in said real estate above described and to cancel and set aside as void the following deeds conveying said property, to wit, the deed executed by appellant and appellee Kelly to Frank T. Johnson, and the deed from Johnson to J. H. Reynolds. Said suit was prosecuted to judgment as above set out, and under the conditions as herein stated. For the services rendered in all of said litigation, appellee Kelly contracted with said attorneys Pope and Goode to pay them the sum of $750. Appellee Goode testified in reference thereto as follows:

"We entered into a conversation regarding the value of the community interest in the property which had been set aside to her in the judgment, and she seemed to believe, and we agreed with her, that her interest so recovered was of the reasonable marketable value of $1,500, and she thereupon agreed and obligated herself to pay us out of the proceeds of the community estate which we had so recovered, a fee for our services in both suits which I have mentioned in the sum of $750, and further agreed and authorized us to collect that sum of $750 out of the community estate which we had so recovered for her, or might thereafter recover for her, in the second suit filed; and that we might collect it out of the estate in the possession of the receiver."

He further testified:

"There was no agreement in writing with reference to a fee, and we took no transfer of any interest in the property."

[1] No evidence whatever was offered by any one of the intervening appellees to sustain the allegation of fraud made by them respectively in reference to the execution of the quitclaim deed by appellee Kelly to appellant conveying the property in controversy. Certainly the full and fair statement made from the pleadings and the evidence

concerning the rights of the respective intervening appellees must be sufficient to clearly demonstrate that neither one of said intervening appellees had such rights as to require or justify a further consideration of the issues adjusted and determined between the original parties to this suit by the agreement of settlement dated and filed in the court below on the 23d day of July, 1921, which agreement brought to a final close all matters in dispute between appellant Kelly and appellee Kelly, thereby leaving no issue for the trial court to consider as between said parties; and it was not within the power of the court to force said parties to litigate matters which they had determined. This involved the execution of the deed by appellant and appellee Kelly to Frank T. Johnson and the deed from Johnson to J. H. Reynolds, respectively, conveying the property involved in this litigation. The quitclaim deed of date July 23, 1921, executed by appellee Kelly to appellant conveying said property was not involved in the litigation between appellant and appellee Kelly, and was only injected into the case by the pleadings of the intervening appellees, and, as they failed to introduce any evidence sufficient to even cast a suspicion upon the legality of the execution of said instrument and the validity of same as a deed of conveyance, the court was without power or authority to hold said instrument fraudulent and void as against any of the rights of the intervening appellees, or to disturb same as a conveyance from appellee Kelly to appellant Kelly of the property involved and therein described. The evidence introduced in support of the claim of appellee Bentley failed to establish the existence of a debt due by appellant Kelly to said Bentley as the term "debt" is understood, but only, at best, established primarily a cause of action sounding in damages for breach of rent contract by being ejected from the possession of the rented premises by the receiver appointed to take charge of same under orders of the court entered in this cause. The evidence fails to raise in the slightest any fact which would tend to prove the existence of any character of lien to secure the payment of the sum claimed by appellee Bentley, even if the evidence were sufficient to establish the existence of an obligation on the part of appellant to pay Bentley the $125 claimed by him for the dirt and lumber placed on the rented premises. Therefore the trial court did not have the authority to establish the existence of a lien in favor of appellee Bentley and to foreclose same on the property involved in this litigation.

[2] What we have said in disposing of the rights of appellee Bentley applies with equal force to the cause of action as made by appellees Pope and Goode. The evidence failed to establish any character of claim against appellant Kelly but, to the contrary, only established a claim in their favor against appellee Alline Hudel Kelly, and that, too, without any security on the property involved in this suit for the payment of same, there being no agreement enforceable at law or in equity whereby any character of lien could be established and enforced and foreclosed against said property and no assignment of any interest in said property was executed by appellee Kelly to said intervening appellees in the manner and form required by law so as to protect any interest claimed by them in said property as against the rights of appellant, who, under the settlement had with appellee Kelly on the 23d day of July, 1921, and the quitclaim deed executed by her on said date to appellant, stands in the attitude of an innocent purchaser for value as to any of the rights now asserted by said intervening appellees. Further, we are justified in holding that, in view of the fact that the deed executed by appellant and appellee Kelly to Frank T. Johnson was for the purpose of conveying the legal title in trust to said Johnson for the benefit of appellant in consummating the settlement theretofore agreed upon by said appellant and appellee Kelly, all the right, title, and interest theretofore owned by appellee Kelly was conveyed to said Johnson for the use and benefit of appellant as the settlement of the litigation, as above stated, between appellant and appellee Kelly left said deed in full legal force and effect; the title thereby remaining vested in said Johnson for the use and benefit of appellant to the property involved in this suit.

[3] The receiver was appointed under the following provisions of subdivision 1, art. 2128, V. S. T. C. S. 1914, viz.:

"Receivers may be appointed by any judge of a court of competent jurisdiction in this state, in the following cases: (1) In an action by a vendor to vacate a fraudulent purchase of property; * * * or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

The order of the court making the appointment properly limits the effect of same, as well as the power and authority of the receiver under said appointment, to the possession, care, and control of the property pending the litigation. This was only to preserve the status of the property for the benefit of the original parties to the suit and was not intended to confer on said receiver the power to dispose of the property committed to his charge for the purpose of satisfying claims of general creditors; the court having no power or authority under the statute above quoted to appoint a receiver with

the power and authority to sell the property so committed to his charge as receiver for the purpose of paying claims of general creditors; this power being provided for in other provisions of said article 2128 applicable to cases other than the one made by the pleadings in this cause. The subsequent order made by the court directing the receiver to sell the property of appellant for the purpose of paying the debts of appellee Kelly to the intervening appellees Pope and Goode, and the claim of appellee Bentley as against appellant, was without authority of law and voidable, and the purchaser at such sale did not acquire any title to said property as against the rights of appellant.

Appellant Kelly resisted the making of said order directing the sale of said property by the receiver and the confirmation of the report of sale made by him. Therefore the purchaser stands in the attitude of a purchaser pendente lite, and hence acquired only such title as the court was authorized under the law to convey through its receiver. In this instance it is clear that the court had no authority to convey any title through its receiver under and by virtue of the orders before us for review and revision. We therefore conclude that the judgment of the court below should in all things be reversed, and judgment here rendered in favor of appellant for title to and possession of said property as against all the parties before this court.

Reversed and rendered.